07/27/2012 03:23:39 PM    713-755-1451    Page 2 / 11

Case: 4:19-cv-00122-RLW   Doc. #: 2   Filed: 11/23/16   Page: 1 of 10 PageID #: 503

Filed 12 July 27 P3:24
Chris Daniel - District Clerk
Harris County
FAX15276413

CAUSE NO. 2011-50578

| | | |
|---|---|---|
| ERVIN WALKER, DONALD WALKER, ERIC ALLEN, JUSTIN COOPER, REGINA COUTEE, TRENT JEDKINS and BRIAN MATHIS<br>Plaintiffs, | § § § § § § § | IN THE DISTRICT COURT |
| v. | § § § | OF HARRIS COUNTY, TEXAS |
| DIRECTORY DISTRIBUTING ASSOCIATES, INC., RICHARD PRICE, STEVE WASHINGTON, LAURA WASHINGTON, ROLAND E. SCHMIDT, AND SANDY SANDERS | § § § § § § | 269TH JUDICIAL DISTRICT |
| and | § § | |
| AT&T CORPORATION<br>Defendants. | | |

## PLAINTIFFS' THIRD AMENDED PETITION

TO THE HONORABLE COURT:

Plaintiffs, Ervin Walker, Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis, hereby file this Third Amended Petition complaining of Defendants, and would respectfully show the court as follows:

### A. DISCOVERY–CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 2, as described in Tex. R. Civ. P. 190.3, and affirmatively pleads that they seek monetary relief aggregating more than $50,000, excluding court costs, prejudgment interest, and attorney fees.

### B. PARTIES

2.  Plaintiffs, Ervin Walker, Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis, individuals, are residents of Harris County, Texas.

3.  Defendant, Directory Distributing Associates, Inc., a foreign corporation organized and existing under the laws of the State of Missouri, whose principal office is located at 1602 Park 370 Court, St. Louis County, State of Missouri, is authorized to do business in Texas and may be served with process by serving its attorney of record, L. Don Luttrell, Luttrell & William, P.C., 3000 Weslayan, Suite 245, Houston, TX 77027.

4.  Defendants, Richard Price, Stephen Washington a.k.a. Steve Washington, Laura Washington, Roland E. Schmidt, and Wallace A. Sanders a.k.a. Sandy Sanders, individuals, may be served with process by serving their attorney of record, L. Don Luttrell, Luttrell & William, P.C., 3000 Weslayan, Suite 245, Houston, TX 77027.

5.  Defendant, AT&T Corporation, a corporation authorized to do business in Texas may be served with process by serving its attorney of record, Gus Pappas, Dabney & Pappas, 1776 Yorktown, Suite 425, Houston, TX 77056. Upon information and belief, Defendant AT&T Corporation owns and manages AT&T Advertising & Publishing, which is a wholly or majority owned subsidiary of AT&T Corporation. AT&T Corporation, at least for employment purposes, manages and controls AT&T Advertising and Publishing and promulgates all business and personnel policies.

## C. JURISDICTION

6.  This court has jurisdiction over the subject matter of this action pursuant to section 216(b) of the Fair Labor Standard Act, 29 U.S.C. 216(b). The amount in controversy exceeds this court's minimum jurisdictional requirements.

7.  Defendants are employers engaged in commerce, engaged in the production of goods for commerce or engaged in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants are, therefore, covered by the

Fair Labor Standards Act. In connection with the acts and course of conduct alleged in this Collective Action Petition, Plaintiffs were engaged in commerce or in the production of goods for commerce.

### D. VENUE

8.   Venue is proper in Harris County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions occurred in Harris County, Texas.

### E. FACTS

9.   Defendant Directory Distributing Associates, Inc. (DDA) is a telephone directory distributor, whose primary business includes the hiring of delivery workers to deliver AT&T telephone directories to AT&T's residential and business customers. Upon information and belief, DDA contracts with and delivers telephone directories for and on behalf of AT&T Advertising and Publishing, a wholly owned subsidiary of AT&T Corporation. As such AT&T, and its wholly owned subsidiary AT&T Advertising and Publishing, benefits from the policies and practices engaged in by DDA.

10.   DDA hires, and has in the past hired, individuals to deliver the AT&T telephone directories throughout the United States and Canada. DDA requires the individuals that it employs to execute agreements classifying them as independent contractors. DDA uses the same or virtually identical "independent contractor agreements" with each person hired. The terms of the agreement are essentially the same for each individual hired. The individuals who are employed by DDA to deliver the directories are not permitted to negotiate the basic and essential terms and conditions of the contract. Pursuant to these "independent contractor agreements," DDA pays the individuals a flat fee. DDA engages in a pattern and practice of classifying these

individuals as independent contractors to avoid paying them the required minimum wage and overtime wages to which they are entitled pursuant to the Fair Labor Standards Act (FLSA).

11. Further, DDA retaliated against any individuals, including Plaintiffs, who complained or objected to the manner in which DDA classified and paid them. Such retaliation is a violation of the FLSA. *See* 29 U.S.C. 218c(a)(5).

12. Upon information and belief, AT&T Corporation through its subsidiary AT&T Advertising & Publishing knew or should have known that DDA was misclassifying individuals as independent contractors to avoid paying them the required minimum wage and overtime wages to which they are entitled pursuant to the FLSA and was retaliating against individuals who objected to DDA's illegal conduct.

13. The individual Defendants acted directly or indirectly in the interest of DDA in relation to Plaintiffs to carry out the pattern and practice of misclassifying Plaintiffs as independent contractors and retaliating against Plaintiffs who complained or objected in any way to the illegal practices in which the Defendants were engaged.

14. Defendants have acted intentionally, knowingly and willfully and/or in reckless disregard of the rights of Plaintiffs and the rights of similarly situated employees by failing to pay each Plaintiff and other similarly situated employees the minimum wage, straight time pay and overtime pay for time actually worked to which they were entitled during each workweek in violation of 29 U.S.C. §§207 & 216. Upon information and belief, Defendants did not make, keep and/or preserve Plaintiffs' records as required pursuant to 29 U.S.C. §211(c) or file necessary administrative reports related to these records.

15. At all times relevant and material herein, Plaintiffs were employees of DDA within the meaning of the Act, 29 U.S.C. §203(e)(1). Plaintiffs have consented to participation

in this suit. (*See* Exhibit 1 attached, Consent forms)

16. Plaintiffs worked in excess of forty (40) hours in a work week on a regular and recurring basis and were not paid the required minimum wage or time and one-half for the hours they worked in excess of forty (40) hours. Plaintiffs were also required to attend training meetings and to collect the telephone directories to be delivered. Plaintiffs were not compensated for the time they were engaged in these activities on behalf of Defendants.

17. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. §785.11. It is the responsibility of the employers' management to ensure that work is not performed if management does not desire such work to be performed. *See* 29 C.F.R. §785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

18. The overtime requirements of the FLSA serve the purposes of compensating employees who work overtime and spreading out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours.

19. The Defendants' illegal pattern and practice of classifying Plaintiffs, and other former and current employees, as independent contractors was, and is, a violation of the FLSA. Additionally, Defendants violated the FLSA by retaliating against Plaintiffs, and other former and current employees, who objected to and refused to participate in Defendants' policies and practices that they reasonably believed to be a violation of the FLSA. Defendants knew or should have known that its policies and practices violated and continue to violate the FLSA. Defendants did not and have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully and/or with reckless disregard carried out and continue to carry

out the illegal pattern and practice of misclassification of employees as independent contractors. Defendants, likewise, knowingly, willfully and/or with reckless disregard retaliated against and continue to retaliate against Plaintiffs, and similarly situated current and former employees, who objected to and refused to participate in Defendants' policies and practices that they reasonably believed to be a violation of the FLSA.

### F. COLLECTIVE ACTION ALLEGATIONS

20. The facts set forth in ¶¶ 1-20, *supra*, are realleged and incorporated by reference herein.

21. Other persons employed by Defendants have been victimized by the foregoing patterns, practices and/or policies, which are in violation of the FLSA.

22. Accordingly, Defendants' pattern and practice of misclassifying individuals as independent contractors and requiring them to sign the alleged "independent contractor agreement" is a generally applicable policy or practice and does not depend on the personal circumstances of the members of the class. Plaintiffs' experiences are typical of the experiences of the members of the class.

23. All individuals hired as independent contractors to deliver AT&T telephone directories are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Therefore, the class is defined as:

> All current and former individuals employed by DDA at any time during the period of August 25, 2008 to the present who were classified as independent contractors and hired to deliver AT&T telephone directories.

### G. CAUSE OF ACTION

24. The facts set forth in ¶¶ 1-24, *supra*, are realleged and incorporated by reference

herein.

25. This is an action to recover unpaid wages and unpaid overtime compensation for time worked under the Fair Labor Standards Act, as amended 29 U.S.C. §201, *et seq.* and to address the Defendants' violations of the FLSA record keeping provisions 29 U.S.C. §211(c).

26. During the Plaintiffs' employment with Defendants, Plaintiffs worked in excess of forty (40) hours in a work week on a regular and recurring basis and were not paid minimum wages and straight time for the hours they worked during the work week. Furthermore, they were not paid time and one-half for the hours they worked in excess of forty (40) hours. Defendants required Plaintiffs to attend training sessions prior to the start of their delivery duties and required them to wait for indefinite, extended periods of time to pick up telephone books to deliver to customers. Defendants refused to pay Plaintiffs for any of the time expended in these activities although these activities were integral to the performance of the job duties of Plaintiffs and similarly situated employees.

27. Defendants' actions with regard to Plaintiffs and those similarly situated employees was willful and/or in reckless disregard of their obligations under the FLSA, thereby allowing for a three (3) year statute of limitation period.

28. Defendants' pattern and practice of classifying individuals hired to deliver AT&T telephone directories as independent contractors was, and is, a violation of the FLSA. Accordingly, Plaintiffs and all those similarly situated are entitled to be paid the minimum wage for each hour worked as well as time and one-half for each hour worked in excess of forty (40) hours in a work week.

29. Additionally, Plaintiffs and all those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and

costs of this action. 29 U.S.C. 216(b).

### H. JURY DEMAND

30. Plaintiffs demand a jury trial. The jury fee has been paid.

### I. PRAYER

31. For these reasons, the named Plaintiffs, both individually and as class representatives of all current and former employees similarly situated, ask the court that the Plaintiffs and all current and former employees similarly situated be awarded a judgment against Defendants for the following:

    a. minimum wage for each hour worked;

    b. time and one-half for all hours worked in excess of forty (40) hours in a work week;

    c. an equal amount as liquidated damages as allowed under the FLSA;

    d. reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA; and

    e. such other and further relief as may be required by law.

Respectfully submitted,

HOLMES, DIGGS & EAMES, PLLC

**Cynthia Thomson Diggs**
State Bar No. 18554600
**Tesha M. Robaszkiewicz**
State Bar No. 24074963
5300 Memorial Drive, Suite 900
Houston, Texas 77007
Tel: (713) 802-1777
Fax: (713) 802-1779

AND

LAW OFFICES OF JUDITH SADLER, PC

**Judith Sadler**
State Bar No. 17511850
14701 St. Mary's Lane, Suite 315
Houston, Texas 77079
Tel: (713) 877-8111
Fax: (713) 877-8188

**ATTORNEYS FOR PLAINTIFFS,
ERVIN WALKER, DONALD WALKER,
ERIC ALLEN, JUSTIN COOPER,
REGINA COUTEE, TRENT JEDKINS,
AND BRIAN MATHIS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent on July 27, 2012, to the following in the manner set forth below:

*Via Facsimile 713-877-1089*
L. Don Luttrell
Luttrell & Williams, P.C.
3000 Weslayan, Suite 245
Houston, Texas 77027

*Via Facsimile 713-621-0074*
Gus E. Pappas
Dabney & Pappas
1776 Yorktown, Suite 425
Houston, Texas 77056

_____
Judith Sadler